

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00481-CV

———————————————————

CLINTON RENTFRO, Appellant

V.

JAYLIA RENTFRO, Appellee

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 23-6184-467

Before Sudderth, C.J.; Wallach and Walker, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Clinton Rentfro filed a notice of appeal from the trial court's October 9, 2023 protective order (the Protective Order).[1] Because Rentfro did not timely file his notice of appeal, we will dismiss the appeal for lack of jurisdiction.

The trial court issued the Protective Order under the protective-order provisions in the Texas Family Code as well as under the protective-order provisions in the Texas Code of Criminal Procedure. *See* Tex. Fam. Code Ann. §§ 82.002, 85.001; Tex. Code Crim. Proc. Ann. arts. 7B.001–.008. Rentfro did not appeal from the Protective Order at that time.

For criminal protective orders, the Code of Criminal Procedure authorizes certain persons to apply for rescission of the order, but the offender is not included in that list. Tex. Code Crim. Proc. Ann. art. 7B.007(b) (listing who may apply to seek rescission of criminal protective order); *see* Tex. Fam. Code Ann. § 85.025(b–3) (providing that Family Code provision allowing any party to request review of whether order is still needed does not apply to criminal protective orders); *L.S. v. Shawn*, No. 13-17-00224-CV, 2018 WL 4100857, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 29, 2018, no pet.) (mem. op.) (stating that statute allowing party to

---

[1]The Protective Order contained a two-year term. The Protective Order has expired, but because a protective order has collateral consequences, a protective order's expiration does not moot an appeal from the order. *See Cannon v. Cannon*, No. 02-21-00404-CV, 2023 WL 1859881, at *2 n.4 (Tex. App.—Fort Worth Feb. 9, 2023, no pet.) (mem. op.).

apply for rescission of criminal protective order "offers no aid to offenders" and does not give offenders a right to seek rescission of a protective order). Nevertheless, in 2025, Rentfro filed a motion to vacate the Protective Order. The trial court denied Rentfro's motion on August 19, 2025.

Rentfro then filed a notice of appeal expressing his desire to appeal from the Protective Order. Because the appeal did not appear to have been timely filed, this court notified Rentfro of our concern that we did not have jurisdiction over the appeal. *See* Tex. R. App. P. 25.1(b), 26.1. We warned him that we could dismiss the appeal unless he or another party filed a response showing grounds for continuing it. Rentfro filed a response arguing that this court had jurisdiction over his appeal from the Protective Order because he never received proper notice of the order and thus the appellate timetable was "never properly triggered." His response does not show grounds for continuing the appeal from the Protective Order.

Rentfro does not say when he became actually aware of the Protective Order, and he apparently did not take advantage of the procedure in Texas Rule of Civil Procedure 306a.[2] *See* Tex. R. Civ. P. 306a; Tex. R. App. P. 4.2; *see also Regent Care Ctr. at Blanco v. Ruiz*, No. 04-24-00492-CV, 2024 WL 4448688, at *1 (Tex. App.—San Antonio Oct. 9, 2024, no pet.) (mem. op.). In any case, regardless of when Rentfro

---

[2]In late October 2023, Rentfro filed with the trial court an affidavit required by the Protective Order. His filing the affidavit suggests that he became aware of the Protective Order's terms soon after its signing.

became actually aware of the Protective Order, he cannot now appeal from it. *See Burns v. Rowe*, No. 03-25-00473-CV, 2025 WL 2626411, at *2 (Tex. App.—Austin Sept. 12, 2025, no pet. h.) (mem. op.). This court simply does not have jurisdiction over an appeal filed so long after the Protective Order's signing. *See* Tex. R. App. P. 25.1, 26.3.

Rentfro's response further argues that despite not receiving proper notice of the Protective Order, he nevertheless filed postjudgment motions "in 2024 and 2025," which extended the time to perfect his appeal. Timely filed postjudgment filings can extend the time for filing an appeal, but they do not extend the time indefinitely and did not make his notice of appeal timely in this case. *See* Tex. R. Civ. P. 329b; Tex. R. App. P. 26.1.

Rentfro's response also specifically relies on his motion to vacate to extend the time to appeal. He references the August 19 order denying the motion, and he states that "[u]nder Tex. R. App. P. 27.3, the . . . notice of appeal was timely as to that ruling." Rule 27.3 addresses the procedure when the trial court modifies the appealed-from order or vacates the order *after* a party has appealed. Tex. R. App. P. 27.3. That did not happen in this case; the trial court rendered the August 19 order before Rentfro appealed, and the August 19 order did not modify or vacate the Protective Order. Accordingly, Rule 27.3 does not confer jurisdiction over an appeal from the Protective Order.

Rentfro's response could be read as an assertion that he is also appealing from the August 19 order even though his notice of appeal did not mention that order and specifically stated that he was appealing from the Protective Order. However, even if we consider his notice of appeal to be a bona fide attempt to appeal from the August 19 order, that order is not appealable. *See, e.g.*, *Tate v. Landa*, No. 01-23-00656-CV, 2025 WL 1634091, at *2 & n.3 (Tex. App.—Houston [1st Dist.] June 10, 2025) (providing that an order denying modification of a protective order is not itself a protective order, affords no relief, and is not appealable), *opinion supplemented on reh'g*, No. 01-23-00656-CV, 2025 WL 2697839 (Tex. App.—Houston [1st Dist.] Sept. 23, 2025, orig. proceeding) (addressing request for mandamus relief).

Because we have no jurisdiction over Rentfro's appeal, we dismiss the appeal for want of jurisdiction.

Per Curiam

Delivered: October 30, 2025